## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PEPPINO SANTOS GRAMYKO EARTHMAN, | Case No. 18-CV-2291 (DSD/SER) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| FAIRVIEW HEALTH SERVICES, | |
| Defendant. | |

Plaintiff Peppino Santos Gramyko Earthman's medical records were unintentionally divulged to a third party without his permission. Earthman brings this action against defendant Fairview Health Services for inadequately shielding those records. Earthman applied for *in forma pauperis* ("IFP") status. That IFP application is before the Court.

After review, this Court concludes that Earthman qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.

1

*Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The factual basis for Earthman's claim against Fairview Health Services is clear. Less clear, however, is the specific legal cause of action Earthman is asserting in this action. Earthman does not allege that the parties are of diverse citizenship, and by all appearances both parties are citizens of Minnesota, thus this Court lacks original subject-matter jurisdiction over any claims arising under state law. *See* 28 U.S.C. § 1332(a); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Any attempts by Earthman to assert state-law claims — such as possible claims for negligence, breach of contract, or invasion of privacy — against Fairview Health Services based on his allegations in the complaint cannot succeed in this forum.

By contrast, Earthman may raise claims arising under federal law against Fairview Health Services. *See* 28 U.S.C. § 1331. Earthman, however, does not mention a specific federal law or cause of action pursuant to which he is seeking relief, and none is obvious from the face of the complaint. For one example, the Health Insurance Portability and

2

Accountability Act of 1996 ("HIPPA") forbids the unauthorized disclosure of medical records, but HIPPA does not create a private right of action. *See, e.g.*, *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Adams v. Eureka Fire Prot. Dist.*, 352 Fed. App'x 137, 139 (8th Cir. 2009) (per curiam). For another example, nothing Earthman alleges rises to the level of a violation of federal *constitutional* rights, and even if it did, Fairview Health Services is not a state actor and therefore may not be sued under 42 U.S.C. § 1983. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Nor does any other federal statute supply obvious relief to Earthman in the circumstances described by him.

Without a plausible claim for relief arising under federal law, this lawsuit cannot proceed. Accordingly, it is recommended that this matter be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Peppino Santos Gramyko Earthman [ECF No. 2] be DENIED.

Dated: September 25, 2018                         s/ *Steven E. Rau*
                                                                                                           Steven E. Rau
                                                                                                           U.S. Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).